Jahangir Sharaf, Appellant, 
against
Zipora Younger, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered September 10, 2014. The order granted defendant's motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court entered November 24, 2014 as, upon, in effect, renewal and reargument, adhered to the original determination in the order dated September 10, 2014 (see CPLR 5517 [b]).




ORDERED that the appeal from the order entered September 10, 2014 is dismissed, as that order was superseded by the order entered November 24, 2014, made upon, in effect, renewal and reargument; and it is further,
ORDERED that the order entered November 24, 2014, insofar as reviewed, is modified by deleting the provision thereof which, upon, in effect, renewal and reargument, adhered to so much of the determination in the order entered September 10, 2014 as granted the branches of defendant's motion seeking summary judgment dismissing plaintiff's causes of action for the "return of security [deposit]" and "failure to return money," and substituting therefor a provision, upon, in effect, renewal and reargument, vacating so much of the order entered September 10, 2014 as granted those branches of defendant's motion, and thereupon denying those branches of the motion; as so modified, the order entered November 24, 2014, insofar as reviewed, is affirmed, without costs.
Plaintiff commenced this action in October 2013 against his former landlord to recover his security deposit in the sum of $4,200, for damage to his personal property, for personal injuries, and for "failure to return money," in effect, the return of the July 2013 rent that he had allegedly paid to defendant, and seeking reimbursement of various expenses that he had incurred in renovating, remodeling, and painting his premises, and in purchasing a washer and dryer. Defendant's answer asserted, among other things, that the action is barred by the statute of limitations.
Defendant moved for summary judgment dismissing the complaint on the ground that the action had been commenced after the statute of limitations had expired and that any claim relating to the collapse of a ceiling in the kitchen of the premises in question had been settled and a general release issued. Defendant's attorney argued that, based on plaintiff's bill of particulars, plaintiff's claims for personal injuries and property damage sound in negligence and that more than three years had elapsed from the time defendant had sustained his alleged personal injuries, due to a ceiling collapse in the kitchen of the premises on June 5, 2003, and from the time [*2]defendant had sustained property damage, due to a flood in the premises on June 18, 2009. Defendant's attorney further argued that the negligence claim relating to the collapse of the kitchen ceiling had been the subject of a prior action that had been settled and that plaintiff had executed a general release on June 19, 2007 in favor of defendant with respect thereto.
By order entered September 10, 2014, the Civil Court granted defendant's motion for summary judgment dismissing the complaint on the ground that the causes of action were time-barred and that plaintiff had failed to establish his claim regarding the return of the security deposit. 
Thereafter, plaintiff moved, in effect, for leave to renew and reargue his opposition to defendant's prior motion. In support of his motion, plaintiff argued that he was entitled to recover the rent that he had paid when defendant was no longer his landlord in July 2013, after she had sold the premises; that he had sustained personal injuries due to defendant's negligence when the ceiling had collapsed; that his security deposit in the sum of $4,200 should have been returned to him; and that he was entitled to be reimbursed for various repairs, remodeling, carpeting, and painting, and for the purchase of a washer and dryer. In addition, defendant argued that he should recover for damage to his personal property that had occurred when the premises had been flooded on June 18, 2009.
In an order entered November 24, 2014, the Civil Court, upon granting leave, adhered to its prior determination granting defendant's motion for summary judgment dismissing the complaint.
While plaintiff appeals only from the September 10, 2014 order, the appeal therefrom brings up for review so much of the November 24, 2014 order as, upon, in effect, renewal and reargument, adhered to the prior determination (see CPLR 5517 [b]). Since the order entered November 24, 2014 superseded the September 10, 2014 order, the appeal from the September 10, 2014 order is dismissed (Mid Is., LP v Louis, 51 Misc 3d 137[A], 2016 NY Slip Op 50572[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). 
Upon a review of the record, we find that the cause of action relating to the injuries plaintiff sustained on June 5, 2003, when the kitchen ceiling fell on him, and the cause of action to recover for property damage that occurred on June 18, 2009, when there was a flood in the premises, are time-barred under the three-year statute of limitations (see CPLR 214 [5]).
With regard to plaintiff's cause of action for the return of his security deposit, the applicable statute of limitations is six years (see CPLR 213). Defendant has failed to establish that this claim is time-barred or that she is otherwise entitled to summary judgment dismissing this claim. Plaintiff's claim that he is entitled to recover the rent he allegedly paid to defendant in July 2013 is also not barred by the statute of limitations.
We note that we do not pass on the merits of plaintiff's claims.
Accordingly, the appeal from the order entered September 10, 2014 is dismissed, and the order entered November 24, 2014, insofar as reviewed, is modified by deleting the provision thereof which, upon, in effect, renewal and reargument, adhered to so much of the determination in the order entered September 10, 2014 as granted the branches of defendant's motion seeking summary judgment dismissing plaintiff's causes of action for the "return of security [deposit]" and "failure to return money," and substituting therefor a provision, upon, in effect, renewal and reargument, vacating so much of the order entered September 10, 2014 as granted those branches of defendant's motion, and thereupon denying those branches of the motion.
Elliot, J.P., Weston and Solomon, JJ., concur.
Decision Date: September 07, 2016